Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
         Kinser, JJ. and Poff, Senior Justice

ALFRED DEARING

                                          OPINION BY
v.  Record No. 992215          SENIOR JUSTICE RICHARD H. POFF
                                       November 3, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE COURT OF APPEALS OF VIRGINIA


     Alfred Lovell Dearing, Jr., was convicted by a jury of

robbery and the use of a firearm in the commission of a felony.

The Circuit Court of Arlington County imposed the jury's

verdict, and the Court of Appeals affirmed the judgment in an

unpublished opinion.  Dearing v. Commonwealth, Record No. 1233-

98-4 (August 17, 1999) [hereinafter Dearing I].  We awarded

Dearing an appeal.  The Commonwealth now concedes that the trial

court erred in admitting into evidence a co-defendant's

statements to police.  Cf. Dearing v. Commonwealth, 259 Va. 117,

123, 524 S.E.2d 121, 124 (1999)(addressing similar issue from a

different conviction).  Thus, the dispositive issue is whether

the Court of Appeals erred in holding that any error in

admitting these statements was harmless beyond a reasonable

doubt.

     "Applying well-established principles of appellate review,

we must consider the evidence and all reasonable inferences

fairly deducible therefrom in the light most favorable to the

Commonwealth [the prevailing party in the circuit court]." Derr v. Commonwealth, 242 Va. 413, 424, 412 S.E.2d 662, 668 (1991).

At approximately 1:30 a.m. on August 7, 1997, Danny Neil, a pedestrian, was stopped on the sidewalk by two men in a white Honda automobile. The passenger in the front seat pointed a gun at Neil and commanded Neil to give him all his money. When Neil emptied his pockets to show that he had no money, the gunman required Neil to give him a gold chain fastened around his Neil's neck. After the men in the Honda drove away, Neil placed a 911 emergency call.

Police officers on night patrol in the community, who had been following a white Honda automobile occupied by Dearing and Leroy Vernoise Dorsey, learned that a car matching that description may have been involved in the robbery and stopped the car. When an officer brought Neil to the place where Dearing and Dorsey were being detained, Neil identified Dearing as the Honda passenger with a gun and noted that his gold chain was around Dearing's neck. Neil testified that a gun found by the officers on a shoulder of a road traveled by the white Honda was the weapon Dearing had pointed at him.

Dearing and Dorsey were tried jointly. Over Dearing's objection, Detective Paul Larson was allowed to testify that Dorsey first denied any involvement in the crime, but after Larson told him that "honesty is always the best policy", Dorsey

2

stated that he had come over "from Maryland into Virginia to commit a robbery with his cousin . . . Alfred Dearing".  Larson also testified that Dorsey had told him that he saw his cousin using a small black handgun to perform the crime.

The Sixth Amendment of the Constitution of the United States provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him", and this provision was held applicable to the states under the Fourteenth Amendment in Pointer v. Texas, 380 U.S. 400, 406 (1965).  "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."  Chapman v. California, 386 U.S. 18, 24 (1967); accord Rose v. Clark, 478 U.S. 570, 576 (1987).

"Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts.  These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case."  Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986); accord Neder v. United States, 527 U.S. 1, 18 (1999).

Significantly, the Chapman–Van Arsdall harmless error standard has been applied expressly by the Supreme Court of the United States in appeals in which the constitutional Confrontation Clause had been violated.  Brown v. United States, 411 U.S. 223 (1973); Schneble v. Florida, 405 U.S. 427 (1972); Harrington v. California, 395 U.S. 250 (1969).  We apply that standard here.

While it is true that the challenged testimony was incriminating, this testimony was merely cumulative of the other evidence adduced by the Commonwealth.  The Commonwealth's cardinal witness at the jury trial, an eyewitness to the robbery and criminal use of a gun, was the victim of the crime.  In the presence of investigating officers, and later at trial, Danny Neil identified Dearing as the principal criminal agent, the gun found discarded on the shoulder of the road as the criminal instrument, and the victim's necklace as the fruit of the crime.

4

We declare, therefore, that the evidentiary error committed at trial was harmless beyond a reasonable doubt.[*]  Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.

---

[*] Appellant contends on brief that his assignments of error raise a question presented "whether admission of co-defendant's statements as a declaration against appellant's penal interest constitutes reversible error under Virginia law."  We agree with the following ruling in the opinion of the Court of Appeals:

> Having concluded that any error was harmless under the more rigorous "beyond a reasonable doubt" standard applicable to constitutional error, we need not consider whether the admission of Dorsey's statement violated Virginia's hearsay rule and, if error, whether that error was harmless under the less exacting standard applicable to errors of state law. See generally Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (finding that the "federal standard is not required . . . for non-constitutional error").  Dearing I, slip op. at 6 n.1.

5