UPON REHEARING EN BANC
HALEY, Judge.
I.
PROCEDURAL HISTORY
This matter comes before the Court from a divided panel decision rendered on August 30, 2005, and reported as Luginbyhl v. Commonwealth, 46 Va.App. 460, 618 S.E.2d 347 (2005). The trial court convicted appellant of drunk driving in violation of Code § 18.2-266. The question presented by appellant to the panel read as follows:
Is the certificate of breath analysis produced specifically for use at trial to prove the guilt of the accused testimonial evidence and thus constitutionally inadmissible when the analyst is not unavailable and there had not been a prior opportunity for cross-examination by the accused?
The panel affirmed the trial court’s refusal to suppress (1) a written breath test analysis result and (2) an accompanying certificate which verified both the operability of the testing *61 machine and the validity of the machine operator’s license. The panel held that neither was “testimonial” evidence proscribed by the Confrontation Clause of the United States Constitution as addressed in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
By order dated September 12, 2005, we granted appellant’s petition for rehearing en banc, stayed the mandate of that decision, and reinstated the appeal.[1]
Upon rehearing en banc, we affirm appellant’s conviction on grounds more narrow than, and independent of, the panel decision.
II.
FACTS
Pursuant to Rule 5A:8(c), the parties presented an agreed statement of facts, in lieu of a transcript, of the trial court proceedings. The following summary of the evidence contains quotations from that statement.
On November 25, 2003, Officer Darren Day was on patrol on Richmond Highway in Fairfax County.
[H]e observed the three cars in front of him brake abruptly, in order to avoid an accident. Officer Day noticed a white station wagon had pulled onto Richmond Highway from a parking lot and was perpendicular to the lanes of travel. That vehicle remained in the road a few seconds and then made a slow right turn. The station wagon was weaving, and at one point missed hitting the curb by approximately two inches. The vehicle made a slow left turn into a shopping center, causing the vehicles approaching it to brake to avoid a collision. Those vehicles flashed their lights and honked their horns.
Officer Day effected a traffic stop and identified the driver as the appellant.
Officer Day detected a strong odor of alcoholic beverage about the defendant. The defendant’s eyes appeared glassy *62 and bloodshot. Mr. Luginbyhl’s face was red, and he exhibited sluggish motor skills. When asked how much he had to drink, Mr. Luginbyhl responded, “I had a lot.” He indicated that he had had approximately six to eight vodka drinks. The defendant began to fall forward as he stepped from his vehicle, so Officer Day put his hand on defendant’s chest to steady him. The officer directed Mr. Luginbyhl to lean against the car for support. The defendant stated that he had consumed “6, 7 or 8 vodka drinks” which were of the size of a 12-ounce cup inside the vehicle. The defendant was cooperative in performing field sobriety tests. In performing the finger-to-nose test, the defendant attempted to touch his nose four times. He succeeded one time, and touched his cheek and forehead on other attempts. Which attempting to perform a one-legged stand test, the defendant stopped, began to cry, and stated: “I’m drunk; I’m an alcoholic.”
Officer Day conducted a preliminary breath test at the scene. Subsequently, Mr. Luginbyhl agreed to take a breath analysis at the police station. Officer Caine, who was not present at trial, performed that analysis while Officer Day observed.
The analysis showed a blood alcohol concentration of 0.24%. Officer Caine executed the accompanying certificate. The certificate read:
ATTEST:
I CERTIFY THAT THE ABOVE IS AN ACCURATE RECORD OF THE TEST CONDUCTED; THAT THE TEST WAS CONDUCTED WITH THE TYPE OF EQUIPMENT AND IN ACCORDANCE WITH THE METHODS APPROVED BY THE DEPARTMENT OF CRIMINAL JUSTICE SERVICES, DIVISION OF FORENSIC SCIENCE; THAT THE TEST WAS CONDUCTED IN ACCORDANCE WITH THE DIVISION’S SPECIFICATIONS; THAT THE EQUIPMENT ON WHICH THE BREATH TEST WAS CONDUCTED HAS BEEN TESTED WITHIN THE PAST SIX MONTHS *63 AND FOUND TO BE ACCURATE; THAT PRIOR TO ADMINISTRATION OF THE TEST THE ACCUSED WAS ADVISED OF HIS RIGHT TO OBSERVE THE PROCESS AND SEE THE BLOOD ALCOHOL READING ON THE EQUIPMENT USED TO PERFORM THE BREATH TEST, AND THAT I POSSESS A VALID LICENSE TO CONDUCT SUCH TEST, GIVEN UNDER MY HAND THIS 25TH DAY OF NOVEMBER, 2003.
Over objection, the trial court admitted the analysis and certificate pursuant to Code § 18.2-268.9.[2] The trial court convicted appellant of driving while intoxicated in violation of Code § 18.2-266 and sentenced him to 180 days in jail and a fine of $350. The entire fine and 170 of the days of the jail sentence were suspended.[3]
III.
DECISIONAL BASIS
Appellant maintains we should substantively address the Crawford issue decided in the panel opinion. We decline to do so.
*64 “It is a well recognized principle of appellate review that constitutional questions should not be decided if the record permits final disposition of a cause on non-constitutional grounds.” Keller v. Denny, 232 Va. 512, 516, 352 S.E.2d 327, 329 (1987). See also Volkswagen of America v. Smit, 266 Va. 444, 454, 587 S.E.2d 526, 532 (2003) (“[A] court will not rule upon the constitutionality of a statute unless such a determination is absolutely necessary to decide the merits of the case.”). A congruent principle is one that an appellate court decides cases “on the best and narrowest ground available.” Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531, 111 S.Ct. 913, 922, 112 L.Ed.2d 1125 (1991) (Stevens, J., concurring).
Coupled with these principles of judicial prudence is the proposition that an appellate court may structure a decision upon an “assuming but not deciding” basis. Such a basis does not foreclose a future review of a constitutional issue and, moreover, does not bind those—here, potentially the Commonwealth—subject to the court’s jurisdiction to the effect of a decision. Finally, the “assuming but not deciding” basis is useful for a “harmless error” analysis.
Thus, and as specifically applicable to the instant case, the Court in United States v. McClain, 377 F.3d 219, 222 (2d Cir.2004), held:
It is well established that violations of the Confrontation Clause, if preserved for appellate review, are subject to' harmless error review, however, and Crawford does not suggest otherwise. See, e.g., Coy v. Iowa, 487 U.S. 1012, 1021, 108 S.Ct. 2798, [2803,] 101 L.Ed.2d 857 (1988) (holding that denial of face-to-face confrontation is subject to harmless error review); United States v. Tropeano, 252 F.3d 653, 659 (2d Cir.2001) (“[H]armless error analysis applies to evidentiary errors and to violations of the Confrontation Clause.”).
See Crawford, 541 U.S. at 76, 124 S.Ct. at 1378 (Rehnquist, C.J., concurring in the judgment) (noting that the Crawford majority “implicitly] recogniti[zed] that the mistaken applica *65 tion of its new rule by courts which guess wrong as to the scope of the rule is subject to harmless-error analysis”); United States v. Williams, 429 F.3d 767, 774 (8th Cir.2005) (assuming “that a Confrontation Clause error occurred,” but holding “that the error in admitting [the hearsay] statement was harmless beyond a reasonable doubt,” reasoning that “[t]he independent evidence ... was so overwhelming” that the defendant’s “conviction cannot be attributed to [the inadmissible] statement” (internal quotations omitted)); see also Pitt v. Commonwealth, 260 Va. 692, 696, 539 S.E.2d 77, 79 (2000) (assuming that the trial court’s decision to admit the hearsay statement of a co-conspirator violated the defendant’s Sixth Amendment rights, but then holding that the error was harmless beyond a reasonable doubt because “the evidence as a whole, excluding [the hearsay] statement, overwhelmingly proved that [the defendant] is guilty,” and, therefore, “there was no reasonable possibility that [the] statement might have contributed to [the defendant’s] conviction”); Dearing v. Commonwealth, 260 Va. 671, 674, 536 S.E.2d 903, 904 (2000) (holding that, although the trial court violated the defendant’s Sixth Amendment rights by admitting the hearsay statement of a co-conspirator, that error was harmless beyond a reasonable doubt).
Therefore, we assume without deciding that (1) the breath analysis result and (2) the accompanying certificate were “testimonial” and their introduction in evidence, despite Code § 18.2-268.9, was constitutional error under Crawford. Our decision thus relies upon the applicable “harmless error” standard of review alone.
IV.
ANALYSIS
In Corado v. Commonwealth, 47 Va.App. 315, 623 S.E.2d 452 (2005), we addressed the standard of review for harmless constitutional error.
We begin our analysis by reiterating the heightened standard under which we review constitutional error for harm *66 lessness. “When a trial court admits evidence in violation of the United States Constitution, the court’s error is a constitutional one.” “Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.” “We decide whether the erroneous admission of evidence was sufficiently prejudicial to require reversal on the basis of our own reading of the record and on what seems to us to have been the probable impact on the fact finder.”
Id. at 323, 623 S.E.2d at 456 (quoting Williams v. Commonwealth, 30 Va.App. 378, 383, 517 S.E.2d 246, 249 (1999) (additional citations omitted)). See also Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (“When a federal constitutional error is involved, a reviewing court must reverse the judgment unless it determines that the error is harmless beyond a reasonable doubt.” (citations omitted)).
In pertinent part, Code § 18.2-266 makes it “unlawful for any person to drive ... a motor vehicle ... while such person is under the influence of alcohol.” The agreed statement of facts recites that “the driver of the vehicle was identified as the defendant” and that the defendant told Officer Day, “I’m drunk.” This confession is corroborated, again quoting from the agreed statement of facts, because appellant “had a strong odor of alcohol,” “glassy and bloodshot” eyes, and a “red face”; “exhibited sluggish motor skills”; and “fell forward as he stepped from his vehicle.” Appellant told Officer Day he had “a lot to drink” and defined “a lot” as “6, 7 or 8 vodka drinks” the size of a 12-ounce cup in his vehicle. Appellant “attempted to touch his nose four times ... [but only] ... succeeded one time.” While failing a one-legged stand test, the appellant began to cry and told Officer Day, “I’m an alcoholic.” This evidence, without the breath analysis, proves guilt beyond a reasonable doubt.
Upon this record, assuming but not deciding that the trial court committed constitutional error by admitting the breath test analysis and its accompanying certificate, we conclude the error was harmless beyond a reasonable doubt.
*67 Thus, appellant’s conviction is affirmed.

Affirmed.

. 46 Va.App. 545, 620 S.E.2d 125 (2005).

. Code § 18.2-268.9 states in relevant part: "This certifícate, when attested by the individual conducting the breath test, shall be admissible in any court in any criminal ... proceeding as evidence of the facts therein stated and of the results of such analysis.”

. At oral argument appellant maintained for the first time that the breath test analysis of 0.24% may have caused the trial court to enhance appellant’s punishment to an effective jail sentence of 10 days. On the day of the offense, November 25, 2003, the penally provisions of Code § 18.2-270, as applicable to Code § 18.2-266, provided for a mandatory minimum incarceration of 5 days.
That issue was not presented to the trial court and, accordingly, was not preserved for appeal as required by Rule 5A:18. Also, appellant does not ask this Court to invoke the ends of justice exception to Rule 5A:18, and "[tjhis Court will not consider, sua sponte, an ends-of-justice argument under Rule 5A:18.” Widdifield v. Commonwealth, 43 Va.App. 559, 564, 600 S.E.2d 159, 162 (2004) (en banc). Moreover, even if the appellant had preserved this issue below, it was not a question presented in the petition for appeal as required by Rule 5A:12(c), nor was the issue briefed as required by Rule 5A:20. Accordingly, the issue is defaulted, and we do not consider it. See Gregory v. Commonwealth, 46 Va.App. 683, 694, 621 S.E.2d 162, 168 (2005).