COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


DONTAY ROYDALE BUFORD, S/K/A
 DONTAY ROYALE BUFORD

                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0062-06-1                      JUDGE JAMES W. HALEY, JR.
                                                                 NOVEMBER 21, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              A. Bonwill Shockley, Judge

            (Theresa B. Berry, Assistant Public Defender, on brief), for
            appellant.  Appellant submitting on brief.

            (Robert F. McDonnell, Attorney General; Kathleen B. Martin, Senior
            Assistant Attorney General, on brief), for appellee.  Appellee
            submitting on brief.


        Dontay Roydale Buford ("appellant") was convicted by the trial court of grand larceny, in

violation of Code § 18.2-95, carjacking, in violation of Code §§ 18.2-58.1 and 18.2-10, and use of a

firearm in the commission of a felony, in violation of Code § 18.2-53.1.  Appellant appeals his

convictions, arguing that the trial court erred in admitting hearsay evidence against him at trial.

Finding the error harmless, we affirm the decision of the trial court.

                                    Factual Background

        Around 12:15 p.m., on March 19, 2005, Fred Williams ("Williams") drove his maroon

Lexus to the Save-A-Ton gas station on Bonney Road in Virginia Beach.  After Williams pumped

some gas, a red Maxima pulled up and blocked his exit.  A man wearing a black hat got out of the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Maxima, held a gun at Williams, and told Williams to "give it up." Williams jumped out of his Lexus through the passenger door. The armed man then drove away in Williams' Lexus.

At 12:25 p.m., Vicky Diamond-Benz ("Diamond-Benz") was at her house on Waverly Drive, about one mile from the Save-A-Ton. Diamond-Benz observed two men on the street next to her house taking property out of a Lexus and transferring it into a red car. Diamond-Benz testified that one of the men was wearing a black hat. The men then drove away in the red car, leaving the Lexus parked on the street by her house. Diamond-Benz reported the incident to police, who responded to the scene. Police recovered the Lexus and returned it to Williams. Several items that were in the Lexus when it was stolen were not recovered, however, including a radio, two cell phones, a PlayStation 2 video game, and a leather jacket with NFL logos and numbers on it.

When police arrived at the Save-A-Ton, Williams identified the armed man to Detective John Geluso as "Dontay." Williams told police that he had "hanged with" appellant before. Williams later identified appellant again at both the preliminary hearing and the criminal proceedings before the trial court.

At trial, the Commonwealth asked Williams about his leather jacket that was in the Lexus when it was taken from the Save-A-Ton on March 19, 2005. Williams testified that his jacket was later returned to him. The evidence was admitted in the following form:

> Q. Well, your leather jacket was missing?
>
> A. Right.
>
> Q. It's no longer missing, is it?
>
> A. Right.
>
> Q. Who gave it back to you?
>
> A. My baby's mother.
>
> Q. And based on who's supplying the jacket?

A.  [I]t was indirect conversation because my baby's mama talked to his friends, you know, the people that he deals with; so I never really talked to him myself.

Q.  But you got your jacket back?

A.  Yes.

Q.  And you were informed that it was Mr. Buford who was seen to get it back?

A.  Uh-huh.  Yes.

Appellant claims that the line of questioning quoted above is inadmissible as hearsay. Appellant argues that, without the admission of the testimony in question, the trial court had insufficient evidence to support his convictions.

Analysis

Appellant argues that the trial court erred in admitting hearsay testimony against him at trial.  Appellant contends that the hearsay evidence admitted was unreliable and was wrongfully used to "link" him to the crimes charged.  On these grounds, appellant argues his convictions should be reversed and he should be granted a retrial without the admission of the hearsay evidence in question.  Assuming, without deciding, that the trial court erred by admitting the evidence, we find the trial court's error harmless.  See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006).

Virginia's statutory standard for non-constitutional error is found in Code § 8.01-678. The statute states, "When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any error committed on the trial."  Non-constitutional error is harmless if there is "overwhelming evidence of guilt" so that the court can conclude the error "failed to have any 'substantial influence' on the verdict."  United States v.

<u>Lane</u>, 474 U.S. 438, 450 (1986) (quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 765 (1946));
see also <u>Clay v. Commonwealth</u>, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001).

Specifically, the Supreme Court of Virginia has held, "Even though testimony is objectionable as hearsay, its admission is harmless error when the content of the extra-judicial declaration is clearly established by other competent evidence." <u>Schindel v. Commonwealth</u>, 219 Va. 814, 817, 252 S.E.2d 302, 304 (1979). To be harmless, it must plainly appear "'from the record and the evidence given at the trial that' the error did not affect the verdict." <u>Lavinder v. Commonwealth</u>, 12 Va. App. 1003, 1006, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678).

In the case at hand, the record contained ample evidence to convict appellant without the testimony in question. On the afternoon of the incident, Williams spoke to police at the Save-A-Ton and identified appellant as the man who held a gun at him earlier that day and told him to "give it up." Diamond-Benz testified that she observed two black men – one wearing a black hat, consistent with Williams' testimony – transferring items from a Lexus into a red car on the street by her house, one mile from the Save-A-Ton. Williams also identified appellant at the preliminary hearing. Finally, in the opening minutes of his trial court testimony, Williams was questioned by the Commonwealth, "Now, this person who had the handgun and said give it up, who was that person?" Williams responded, "Dontay Buford."

Williams testified at trial that he was in the middle of a conflict with some of appellant's friends on March 19, 2005. By the time of the preliminary hearing, however, Williams testified that the conflict had been resolved and he no longer wanted the case to go forward. At trial, appellant argued that Williams made a mistake, that he should be allowed to retract his previous

- 4 -

statements identifying appellant, and that the Commonwealth threatened to charge Williams with perjury if he changed his statement.[1]  However, as the trial court judge points out,

> He was not threatened when he identified [appellant] to the police officers.  He was not threatened when he identified him in the preliminary hearing.  And I wrote down careful notes this morning before the cross-examination happened.  He identified [appellant] and he nodded over to counsel table when he did it.

It is clear from the record that the judge found sufficient evidence to convict appellant without the testimony that appellant contends is hearsay.  We hold, therefore, that the requirements of Code § 8.01-678 have been met.

For the above-stated reasons, we find the error harmless and affirm the decision of the trial court.

<u>Affirmed.</u>

---

[1] Though appellant does not raise these arguments on appeal, they are included to provide context for the trial court's ruling.