COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


JERRY EUGENE LAWRENCE
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0658-06-4                      JUDGE ROBERT P. FRANK
                                                        APRIL 10, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                      J. Howe Brown, Jr., Judge Designate

            Jay K. Wilk for appellant.

            Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Jerry Eugene Lawrence, appellant, was convicted, in a bench trial, of driving under the

influence, in violation of Code § 18.2-266.  On appeal, he contends:  (1) Code §§ 18.2-269 and

18.2-270 are unconstitutional because the statutes create a mandatory presumption, shifting the

burden of persuasion to appellant; (2) Code § 18.2-270 creates a rebuttable presumption that

relieves the Commonwealth of its obligation to prove beyond a reasonable doubt every fact

necessary to increase punishment; and (3) the mandatory sentence under Code § 18.2-270

violates appellant's right to due process and his Fifth Amendment right to remain silent,

violating United States v. Booker, 543 U.S. 220 (2005).

        For the reasons stated, we affirm the conviction.


_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Appellant was arrested for driving under the influence, having registered a blood alcohol level of 0.25. He filed a motion to declare certain portions of Code §§ 18.2-269 and 18.2-270 unconstitutional. The trial court denied the motion.

At trial, appellant pled not guilty but stipulated that "the [appellant] was then under the influence of alcohol while he was operating that motor vehicle on a public highway." Appellant also stipulated his blood alcohol level was 0.25. The trial court then asked for additional evidence to prove the charge. The Commonwealth recited facts from the officer's report, including a strong odor of alcohol, red and glassy eyes, slurred speech, and inability to stand. Further, the Commonwealth noted that appellant had been weaving "all over the road," and could not understand "things that were read or told to him, or questions asked to him, he could not remember where he came from." Appellant also was unable to properly complete the field sobriety tests.

This appeal follows.

ANALYSIS

I. Constitutionality of Code § 18.2-269

Appellant first contends Code § 18.2-269[1] is unconstitutional because the rebuttable presumption relieves the Commonwealth from proving each element of the offense and impermissibly shifts the burden of persuasion to appellant, requiring him to prove his innocence.

_____

[1] Code § 18.2-269 creates a "rebuttable presumption:"

> (3) If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense.

The Due Process Clause of the United States Constitution requires the prosecution to prove beyond a reasonable doubt every element necessary to establish the crime charged. In re Winship, 397 U.S. 358, 364 (1970).

Inferences and presumptions are a staple of our adversary system of factfinding. County Court of Ulster County v. Allen, 442 U.S. 140, 156 (1979). It is often necessary for the trier of fact to determine the existence of an element of the crime — that is, an "ultimate" or "elemental" fact — from the existence of one or more "evidentiary" or "basic" facts. Id. Inferences and presumptions must not, however, infringe upon constitutional guarantees. Tot v. United States, 319 U.S. 463, 467 (1943). In other words, no evidentiary presumption may relieve the prosecution of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. Francis v. Franklin, 471 U.S. 307, 313 (1985).

"'It is a well recognized principle of appellate review that constitutional questions should not be decided if the record permits final disposition of a cause on non-constitutional grounds.'" Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (quoting Keller v. Denny, 232 Va. 512, 516, 352 S.E.2d 327, 329 (1987)). Similarly, "an appellate court decides cases 'on the best and narrowest ground available.'" Id. (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)).

In this case appellant asks us to find the presumption provision of Code § 18.2-269 unconstitutional. Essentially, appellant complains that the trial court used Code § 18.2-269 to impermissibly presume that appellant was intoxicated at the time of driving. However, we need not consider whether the trial court applied the presumption unconstitutionally because appellant conceded at trial that he was "under the influence of alcohol while he was operating that motor vehicle on a public highway." Based upon the agreed evidence, the trial court did not have to presume or infer from the BAC that appellant was intoxicated at the time of the offense;

- 3 -

appellant provided the court with that evidence by stipulating he was intoxicated while operating the automobile.  Therefore, we need not consider whether the trial court improperly presumed, pursuant to Code § 18.2-269, that appellant "was under the influence of alcohol intoxicants at the time of the alleged offense."  See Code § 18.2-269.

## II.  Constitutionality of Code § 18.2-270[2]

Appellant next argues that Code § 18.2-270 is unconstitutional because it creates a mandatory rebuttable presumption that subjects the accused to a mandatory minimum sentence if his blood level is greater than 0.20.  Appellant contends that Code § 18.2-270, when read together with Code § 18.2-269, relieved the Commonwealth of proving every element of the offense beyond a reasonable doubt.

It must be noted that contrary to appellant's contention, Code § 18.2-270 creates no presumption.  It simply establishes a mandatory minimum penalty of 10 days incarceration if the individual's blood alcohol level exceeds 0.20.  Appellant stipulated at trial that his blood alcohol level was 0.25.  No additional proof was necessary.  The trial court simply applied the stipulated evidence to the mandate of Code § 18.2-270.  No burden, whether it was the burden of proof or even the burden of producing evidence, was shifted to appellant.  Thus, we reject appellant's argument that Code § 18.2-270 is unconstitutional because it shifts the burden of proof.

---

[2] Code § 18.2-270 reads in relevant part:

> A. Except as otherwise provided herein, any person violating any provision of § 18.2-266 shall be guilty of a Class 1 misdemeanor with a mandatory minimum fine of $250.  If the person's blood alcohol level as indicated by the chemical test administered as provided in this article was at least 0.15, but not more than 0.20, he shall be confined in jail for an additional mandatory minimum period of five days or, if the level was more than 0.20, for an additional mandatory minimum period of 10 days.

III.  Code § 18.2-270 and <u>United States v. Booker</u>

Citing <u>United States v. Booker</u>, 543 U.S. 220 (2005), appellant next argues that Code § 18.2-270 unconstitutionally relieves the Commonwealth of proving additional facts that would increase the punishment of driving while under the influence of alcohol to a mandatory minimum jail sentence.  Appellant misreads <u>Booker</u>.

The issue before the Supreme Court in <u>Booker</u> was whether a trial judge, and not the jury, could determine a fact that increased the term of imprisonment.  The Court stated, "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  <u>Booker</u>, 543 U.S. at 244.  Thus, <u>Booker</u> prohibits judges from increasing punishment beyond the limits of a sentence that could have lawfully been imposed on the facts found by the jury or admitted by the accused.  <u>Id.</u>

Here, appellant stipulated his blood alcohol level was 0.25.  Had appellant not so stipulated, the Commonwealth would have had to prove beyond a reasonable doubt that appellant's blood level was 0.20 or greater.  Clearly, the infirmities enunciated in <u>Booker</u> are not present in Code § 18.2-270.

Here, in a bench trial, the trial court was the fact finder.  We conclude that Code § 18.2-270 suffers none of the constitutional challenges appellant asserts.

IV.  Fifth Amendment Issue

Appellant next contends that because Code §§ 18.2-269 and 18.2-270 require him to produce evidence in order to rebut the presumption, his right to remain silent, as insured by the Fifth Amendment, was violated.  He failed, however, to present this argument to the trial court. Appellant neither raised this particular issue in his written Motion to Declare Portions of Virginia Code §§ 18.2-266 and 18.2-270 Unconstitutional, nor did he raise it during the hearing on the

motion or during the trial.  Therefore, we will not consider it for the first time on appeal.  <u>See</u>

Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions.  <u>See e.g.</u>, <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

<u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, Rule 5A:18 bars our consideration of this issue on appeal, as this issue is

procedurally defaulted.

CONCLUSION

For the reasons stated, we find that the trial court did not err in refusing to declare

portions of Code §§ 18.2-269 and 18.2-270 unconstitutional.  Accordingly, we affirm the

conviction.

<u>Affirmed.</u>
