COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Elder and Kelsey
Argued at Chesapeake, Virginia

MICHAEL SHAYNE BROWN

MEMORANDUM OPINION[*] BY
v.      Record No. 0178-07-1          JUDGE D. ARTHUR KELSEY
                                                MARCH 11, 2008
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

            Daniel P. Goode (Office of the Public Defender, on brief),
            for appellant.

            Eugene Murphy, Senior Assistant Attorney General
            (Robert F. McDonnell, Attorney General, on brief), for
            appellee.

        A jury convicted Michael Shayne Brown of rape, object sexual penetration, two counts of

forcible sodomy, and statutory burglary. Prior to trial, Brown filed a motion *in limine* to exclude

the report of the sexual assault nurse examiner (SANE) who performed a medical examination of

the victim immediately after the assault. The trial court granted the motion and excluded the

SANE report as violative of Brown's Sixth Amendment rights as recognized in Crawford v.

Washington, 541 U.S. 36 (2004). On interlocutory appeal, we rejected the trial court's Crawford

analysis and reversed the trial court's order excluding the SANE report. See Commonwealth v.

Brown, No. 3082-05-1, 2006 Va. App. LEXIS 152 (April 20, 2006) (unpublished) (referred to

*passim* as Brown I).

        Upon remand, the trial court redacted any statements from the victim and opinions from

the nurse recounted in the SANE report and rescinded its *in limine* order in compliance with our

mandate. The case proceeded to trial. The victim testified that a stranger broke into her

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

apartment, held a knife to her throat, and forcibly raped, sodomized, and penetrated her. While doing so, the perpetrator wore latex gloves. After the assault, the victim called the police and submitted to a SANE examination. The SANE nurse examined the victim, took photographs revealing recent trauma to her vagina and mouth, and provided a factual report of her observations. The examination and report confirmed the victim's claim of being forcibly raped and sodomized. The nurse also collected several swabs from the victim's body. The SANE nurse who performed the examination, however, died in an automobile accident before trial.

At trial, the victim identified Brown as the man who raped and sodomized her. An expert compared the DNA found on the swabs collected from the victim's body with Brown's DNA and testified that the statistical probability of the rapist being someone *other* than Brown was one in six billion. The detectives who arrested Brown stated that he had latex gloves in his vehicle. The supervisor of the deceased SANE nurse testified at trial. Qualified as an expert, the SANE nurse supervisor reviewed the photographs taken of the victim and offered her independent opinion that these photographs revealed trauma to the vagina and mouth consistent with the victim's account of the assault. During her testimony, consistent with our opinion in Brown I, the trial court admitted the original SANE nurse's report reaching the same conclusions.

Brown presented no evidence in his defense. In closing argument, Brown's counsel conceded that there was "profound" evidence that the victim suffered from a sexual assault. Even so, counsel argued, the Commonwealth was prosecuting the wrong man. The DNA evidence, he contended, should be discounted due to alleged errors in sampling and testing. The victim's in-court identification should be dismissed, he argued, because victims always identify the trial defendant as the perpetrator. The latex gloves, counsel asserted, could have belonged to someone else. Rejecting these arguments, the jury found Brown guilty of all charges and sentenced him to four life terms plus twenty years and a fine of $200,000.

On appeal, Brown raises only one issue: "Whether the sexual assault nurse report was a violation of the Sixth Amendment under Crawford v. Washington, 541 U.S. 36 (2004)." Appellant's Br. at 3. He asks that we reconsider our holding in Brown I rejecting exactly this argument. While we have the authority to reconsider an interlocutory appellate ruling, see Code § 19.2-409, this case presents no reason to reconsider, much less reverse, our decision in Brown I. Since then, a full trial has taken place that renders largely academic our views on the reasoning of Brown I. See generally Satchell v. Commonwealth, 20 Va. App. 641, 647-48, 460 S.E.2d 253, 256 (1995) (*en banc*) (holding that, in an appeal of a conviction following an interlocutory appeal, "we must consider the additional evidence adduced at trial").

As we recently emphasized, it is "the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless lest they retreat from their responsibility, becoming instead impregnable citadels of technicality." Kirby v. Commonwealth, 50 Va. App. 691, 699, 653 S.E.2d 600, 604 (2007) (citation and internal quotation marks omitted). Harmless error review stems from the "imperative demands of common sense," Oliver v. Commonwealth, 151 Va. 533, 541, 145 S.E. 307, 309 (1928), and consequently has been "deeply embedded in our jurisprudence," Gilland v. Commonwealth, 184 Va. 223, 235, 35 S.E.2d 130, 134 (1945). It necessarily follows that "harmless-error review [is] required in *all* cases." Kirby, 50 Va. App. at 699, 653 S.E.2d at 604 (emphasis in original and citations omitted).

Brown's invocation of an alleged Crawford violation does not shield this case from harmless error review. "It is well established that violations of the Confrontation Clause, if preserved for appellate review, are subject to harmless error review, . . . and Crawford does not suggest otherwise." Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (citation omitted). To be harmless, the reviewing court "must be able to declare a belief that it was harmless beyond a reasonable doubt." Id. at 66, 628 S.E.2d at 78 (citation

omitted).  We decide whether the admission of evidence, if erroneous, "was sufficiently prejudicial to require reversal on the basis of our own reading of the record and on what seems to us to have been the probable impact on the fact finder."  Id. (citation omitted).

For several reasons, we can say with confidence that the admission of the SANE report, even if error, was harmless error.  To begin with, the opinion testimony of the SANE nurse supervisor came to exactly the same conclusions as the written report.  The SANE nurse supervisor appeared at trial, testified based upon the photos of the victim, and subjected her *own* opinion testimony to cross-examination.  See Anderson v. Commonwealth, 48 Va. App. 704, 716 n.5, 634 S.E.2d 372, 377 n.5 (2006) (pointing out that Crawford does not apply to a witness, cross-examined at trial, who relies upon the out-of-court conduct of others), aff'd, 274 Va. 469, 650 S.E.2d 702 (2007).  The testimony of the SANE nurse supervisor introduced into evidence the identical point made in the written SANE report.  Admission of the former, therefore, renders harmless any error in the admission of the latter.[1]

More important, the point of the SANE report was not to prove that Brown was the rapist but that the victim was raped — a fact wholly uncontested by Brown at trial.  Brown's only defense was that he was not the perpetrator.  The DNA evidence, not the SANE report, addressed that issue by placing the odds of someone other than Brown committing the crime at one in six billion.  Add to that the victim's in-court identification of Brown and the issue is placed beyond reasonable dispute.

---

[1] See Dearing v. Commonwealth, 260 Va. 671, 674, 536 S.E.2d 903, 904 (2000) (finding a violation of the Confrontation Clause to be harmless where the "testimony was merely cumulative of the other evidence adduced by the Commonwealth"); Greenway v. Commonwealth, 254 Va. 147, 154, 487 S.E.2d 224, 228 (1997) ("Improper admission of evidence does not create reversible error when it is merely cumulative of other competent evidence properly admitted." (citation omitted)); McCary v. Commonwealth, 36 Va. App. 27, 40 n.3, 548 S.E.2d 239, 245 n.3 (2001) ("An error may also be harmless where erroneously admitted evidence is merely cumulative of other, properly admitted evidence." (citations omitted)).

In sum, we decline to reconsider our holding in <u>Brown I</u> because the evidence at trial demonstrates beyond a reasonable doubt that even if the admission of the SANE report were error, it should be deemed harmless. For this reason, we affirm Brown's convictions for rape, object sexual penetration, two counts of forcible sodomy, and statutory burglary.

<u>Affirmed.</u>