COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


DONTAE T. EBRON

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0499-07-1                 BY JUDGE ROBERT J. HUMPHREYS
                                                        JUNE 24, 2008
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                             John C. Morrison, Jr., Judge

             Mark M. Kantro for appellant.

             J. Robert Bryden, II, Assistant Attorney General (Robert F.
             McDonnell, Attorney General, on brief), for appellee.


         Dontae T. Ebron ("Ebron") appeals his convictions for first-degree murder and use of a

firearm in the commission of a felony, in violation of Code § 18.2-32 and Code § 18.2-53.1,

respectively.  He argues that the trial court erred in allowing evidence under the state-of-mind

exception to the hearsay rule.  Assuming without deciding that the trial court erred in admitting

this testimony, we find such error harmless.  Thus, we affirm Ebron's convictions.

         It is well settled that an appellate court "decides cases 'on the best and narrowest ground

available.'"  Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006)

(en banc) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531

(1991) (Stevens, J., concurring)).  "Coupled with these principles of judicial prudence is the

proposition that an appellate court may structure a decision upon an 'assuming but not deciding'

basis."  Id.  Furthermore, "the 'assuming but not deciding' basis is useful for a 'harmless error'

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

analysis." Id. Assuming without deciding that the trial court erred in admitting Arrington's testimony, we decline to address the merits of Ebron's argument because, on the record before us, such error is harmless.

Harmless error occurs when "it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached[.]" Kirby v. Commonwealth, 50 Va. App. 691, 698, 653 S.E.2d 600, 603 (2007) (quoting Code § 8.01-678). Said differently,

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. If so, or if one is left in grave doubt, the conviction cannot stand.

Id. at 698, 653 S.E.2d at 604 (quoting Rose v. Commonwealth, 270 Va. 3, 12, 613 S.E.2d 454, 459 (2005)).

Ebron never disputed that he was present at the scene of the murder. At oral argument, counsel for Ebron conceded that had the trial court, in fact, erred in admitting Arrington's testimony, such error would have been harmless, due to the overwhelming evidence against Ebron presented from alternative sources. Thus, we can safely say that Ebron's convictions were not "substantially swayed" by Arrington's testimony. Viewing the evidence in its totality, we cannot say that this testimony had more than a minor impact on Ebron's convictions. As such, we hold that the trial court's error in allowing Arrington's testimony was harmless. Accordingly, we affirm Ebron's convictions.

Affirmed.