UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Alston and Chafin
Argued at Richmond, Virginia


DIMITRI DUANE BAINES

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0805-12-2                  JUDGE TERESA M. CHAFIN
                                                       APRIL 30, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Joan J. Burroughs, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Dimitri Duane Baines ("appellant") appeals the result of his probation revocation hearing

and contends the trial court violated his right to confrontation by admitting and considering

inadmissible hearsay testimony.  For the reasons that follow, we affirm the trial court's ruling.

        Appellant was ordered to show cause why his previously suspended sentences on

convictions of grand larceny and burglary should not be revoked.  Prior to the revocation

hearing, appellant objected to the admissibility of testimony concerning unadjudicated criminal

offenses.  Appellant argued that the Commonwealth intended to introduce evidence of several

burglaries in which appellant was implicated and that the testimony concerning these burglaries

should be excluded because it contained inadmissible hearsay.  The trial court declined to make a

blanket ruling as to appellant's hearsay objection, stating that with "respect to the hearsay, we'll

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

just have to take that up on a case-by-case basis . . . it hasn't been presented to the Court, so I don't know what, if any hearsay evidence will be forthcoming."

At the revocation hearing, Richmond Police Detective Greg Russell testified that he responded to a reported burglary at R.S. Express, a convenience store, at 3:00 a.m. on November 25, 2011. The glass door to the building had been broken, and several items were stolen from inside the store, including lottery tickets. Russell watched surveillance video captured by security cameras at R.S. Express and observed a black shoe "kicking the glass, and, eventually, making entry through the glass window and the glass shattering, and then the person climbing through the bottom portion of the door." The perpetrator's face was masked, but Russell observed that he was wearing dark-colored pants, shoes, gloves, and a black jacket.

Officer Derrick Longoria testified that he also watched the surveillance video and observed appellant wearing a jacket similar to the one worn by the perpetrator in the video while patrolling the area around R.S. Express an hour later. Longoria stopped appellant approximately two blocks from the R.S. Express. When a records check revealed appellant was wanted on an outstanding warrant for grand larceny and forgery, he was arrested. Appellant told police he lived at 2411 Ruffin Road.

Russell and Longoria proceeded to that address and knocked on the door of the residence. A woman who identified herself as appellant's mother granted permission to the officers to conduct a search, directing them to appellant's bedroom in the basement. While walking through the house Longoria observed in plain view a brown paper grocery bag filled with "well over 100 scratched off lottery tickets." In the basement, Longoria found a pair of black tennis shoes similar to the ones seen in the surveillance video with "items of glass on the front and possible glass particles on the bottom of the shoes and the soles." In addition to the shoes and lottery tickets, police recovered a duffel bag from the basement bedroom containing "two plastic

baggies, [and] each bag contained numerous off-white rock substances." A field test indicated that the substances were positive for cocaine and heroin.

The officers found a Honda Accord in the garage of the home. The car had been dismantled and, in Russell's opinion, "stripped." A check on the vehicle identification number (VIN) confirmed that the vehicle had been reported stolen from an address "less than half-a-mile from" appellant's home. Further, a form found during the search of appellant's home linked appellant to yet another vehicle reported stolen. The form had been signed "Dimitri Baines" and indicated the person "signing the form did . . . have legal right to have the vehicle and have it crushed or destroyed."

On cross-examination, Russell admitted that he could not see the intruder's face on the surveillance video from R.S. Express. Russell also admitted that he had no "personal knowledge of the fact that [appellant] stays" at the residence that was searched by police. Russell only knew that the woman who answered the door "identified herself as Baines' mother," that she rented the house, and that she showed the detective and the officers to "a room that she said was her son's, Dimitri."

Russell also testified about two additional burglaries that occurred in mid-August 2011 during a major power outage in the City of Richmond. The businesses in question "suffered burglaries . . . where glass had been kicked in and lottery tickets taken." At the end of that same month, two females were apprehended by police when they attempted to redeem stolen lottery tickets. The two women were identified as appellant's mother and sister. When police interviewed the two women, the mother stated that she had gotten the tickets that morning from her son, Dimitri Baines. Russell watched a video of the interview, but stated that he did not know its exact date. He admitted that he did not take detailed notes and had no personal recollection of "the words that [appellant's] mother used." Russell also testified that he had

conferred with an investigator at the Virginia Lottery Commission who confirmed that the tickets used by the two women matched the serial numbers on two of the tickets stolen in the August burglaries. Russell stated that he did not have the serial numbers with him and that he had no basis of knowledge about the connection between the lottery tickets redeemed by the women and the stolen lottery tickets.

Appellant objected to (1) Russell's testimony concerning the Virginia Lottery Commission investigator's statements about the connection between the stolen lottery tickets and the tickets redeemed by appellant's mother and sister and (2) Russell's testimony concerning any information based on the interrogation of appellant's mother as inadmissible hearsay violating his right to confrontation. The trial court overruled appellant's objections and allowed the testimony.

The Commonwealth argued that appellant should be found in violation of his probation, citing two new charges in Henrico County, the car thefts, the August and November 2011 burglaries, and the evidence of drug use. The trial court stated that it was troubled by appellant's pattern of crime and that there was no indication that the pattern would stop. The trial court stated that the "evidence [was] overwhelming although circumstantial but still overwhelming" as to appellant's failure to keep the peace and be of good behavior. The trial court revoked appellant's probation, and he was sentenced to an active sentence of five years and nine months on the grand larceny charge, and seven years and nine months on the burglary charge.

On appeal, appellant contends that Officer Russell's testimony pertaining to the burglaries in which appellant was a suspect should not have been admitted into evidence. Appellant first argues that since the testimony consisted almost entirely of hearsay, it violated appellant's right of confrontation pursuant to the Sixth Amendment. Second, appellant contends that even if the testimony did not violate his right of confrontation, it should not have been

- 4 -

admitted because it did not rise to the level of reliability prescribed under <u>Henderson v. Commonwealth</u>, 59 Va. App. 641, 722 S.E.2d 275 (2012) (en banc), <u>aff'd</u>, 285 Va. 318, 736 S.E.2d 901 (2013). Assuming without deciding that the challenged hearsay testimony was erroneously admitted, the error was clearly harmless beyond a reasonable doubt.

"When a federal constitutional error is involved, a reviewing court must reverse the judgment unless it determines that the error is harmless beyond a reasonable doubt." <u>Clay v. Commonwealth</u>, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001). In making that determination, an appellate court must consider, among other factors, "the importance of the tainted evidence in the prosecution's case, whether that evidence was cumulative, the presence or absence of evidence corroborating or contradicting the tainted evidence on material points, and the overall strength of the prosecution's case." <u>Lilly v. Commonwealth</u>, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999) (citing <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 684 (1986)). <u>See also</u> <u>Dearing v. Commonwealth</u>, 260 Va. 671, 673, 536 S.E.2d 903, 904 (2000); <u>Pitt v. Commonwealth</u>, 260 Va. 692, 695, 539 S.E.2d 77, 78 (2000), <u>cert</u>. <u>denied</u>, 532 U.S. 978 (2001).

As the Supreme Court stated in <u>Van Arsdall</u>, "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." 475 U.S. at 681. <u>See</u> <u>Jenkins v. Commonwealth</u>, 244 Va. 445, 454, 423 S.E.2d 360, 366 (1992) (concluding that the admission of a defendant's confession was harmless error based on the Commonwealth's presentation of overwhelming evidence of guilt, which consisted of other confessions to close friends, fellow jail inmates, and investigators). It is well established that violations of the Confrontation Clause are subject to harmless error review. <u>See</u> <u>Crawford v. Washington</u>, 541 U.S. 36, 76 (2004) (Rehnquist, C.J., concurring in the judgment).

Here, appellant acknowledges two misdemeanor offenses from Henrico County which demonstrate that he failed to be of good behavior, as required by the terms of his probation. Furthermore, Officer Longoria testified that in connection with investigating the November burglary, the officers recovered from appellant's bedroom a duffle bag containing two plastic baggies containing "numerous off-white rock substances." The rock substances tested positive for cocaine and heroin. In the garage of the home, the officers found a "stripped" Honda Accord which had been reported stolen from an address "less than half-a-mile from" appellant's residence. Additionally, a form found during the search of appellant's home linked appellant to yet another stolen vehicle. The form had been signed "Dimitri Baines" and indicated the person "signing the form did . . . have legal right to have the vehicle and have it crushed or destroyed." The car had been reported stolen in early June 2011.

Undoubtedly, the evidence as a whole, excluding the challenged hearsay statements, overwhelmingly proved that appellant was in violation of the terms of his probation. Accordingly, we hold that even if the admission of the statements compromised appellant's right of confrontation, the error, in the circumstances of this case, was harmless beyond a reasonable doubt.

Affirmed.