COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


JACOBI FRAZIER
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1466-13-1                      JUDGE ROBERT P. FRANK
                                                    JULY 29, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge[1]

Stephanie P. Pass (Shilling, Pass & Barlow, on brief), for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Jacobi Frazier, appellant, was convicted of possession of heroin with the intent to

distribute subsequent offense in violation of Code § 18.2-248(C).  On appeal, he contends the

trial court erred in denying his motion to suppress.  Specifically, he argues the police violated his

rights under Miranda v. Arizona, 348 U.S. 346 (1966), by requesting consent to search.  Finding

no error, we affirm.

BACKGROUND

Detective T. McAndrew of the Portsmouth Police Department received a telephone call

from a confidential reliable informant who stated that a black male named Jacobi Frazier, later

identified as appellant, was in possession of heroin and would be in the area of a particular

convenience store on Seventh Street.  The informant told McAndrew that he had personally

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Honorable James C. Hawks presided over proceedings that are the subject of this
appeal.

observed appellant with the heroin and that the drugs would be hidden in appellant's pants. Prior to this occasion, this informant had provided reliable information to McAndrew on a number of occasions that led to several "arrests, convictions and recoveries."

Upon receiving this information, McAndrew and other detectives met in the area of the convenience store and set up surveillance. Within minutes, a car pulled into the lot with appellant seated in the front passenger seat. McAndrew recognized appellant, having known him for fifteen years. McAndrew placed appellant in handcuffs and transported appellant to his office at the police station. After arriving at the office, McAndrew advised appellant that he knew appellant had heroin hidden in his pants, and he told appellant that appellant could either consent to a search or wait for McAndrew to secure a search warrant. Appellant then became "very cooperative," and McAndrew removed the cuffs from appellant's hands. Appellant pulled his jeans down, and a plastic bag containing heroin fell to the floor.

Appellant testified that McAndrew told him to stand up and take his clothes off. Appellant has been previously convicted of two felonies.

At the suppression hearing, appellant maintained that appellant had not been advised of his rights pursuant to Miranda, and did not consent to what he described as a strip search. The Commonwealth argued that the information McAndrew received from the reliable informant provided him with probable cause to arrest appellant and search him incident to that arrest. Appellant did not challenge probable cause below. His argument was limited to a Miranda violation.[2]

The trial court denied the motion to suppress, explaining that it relied upon the Commonwealth's argument that the police had probable cause to arrest appellant based solely on

---

[2] Appellant also argued to the trial court that the police conducted a strip search. He did not argue this issue on brief, and we do not consider it on appeal.

the reliable informant's information. The trial court implicitly rejected that appellant was subjected to a strip search.

This appeal follows.

ANALYSIS

The trial court denied appellant's motion to suppress, finding the police had probable cause to arrest and that the search was performed pursuant to a lawful arrest. Appellant, neither at trial nor on appeal, challenges that ruling.

When reviewing a trial court's denial of a motion to suppress, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 699 (1996)). The burden is on the appellant to show that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error. McCain v. Commonwealth, 261 Va. 483, 489-90, 545 S.E.2d 541, 545 (2001). "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search'" involve questions of both law and fact and are reviewed *de novo* on appeal. McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (quoting Ornelas, 517 U.S. at 691).

Whether the Fourth Amendment has been violated is a question to be determined from all the circumstances. McCain v. Commonwealth, 275 Va. 546, 552, 659 S.E.2d 512, 516 (2008). Review of the existence of probable cause or reasonable suspicion involves application of an objective rather than a subjective standard. Terry v. Ohio, 392 U.S. 1, 21-22 (1968).

Appellant first argues that appellant's consent to search was obtained in violation of his Miranda rights. He reasons that because he was in custody and was not advised of his rights

under <u>Miranda</u>, his consent to the search must be suppressed along with the heroin recovered as a result of the search. The Commonwealth responds that this argument does not assign error to the trial court's ruling, specifically, that probable cause permitted appellant's arrest and the search incident to arrest is a well-recognized exception to the warrant requirement. <u>See</u> <u>United States v. Robinson</u>, 414 U.S. 218, 234-35 (1973) (explaining that one of the exceptions to the warrant requirement is a search incident to arrest based on the need to disarm the suspect in order to take him into custody and the need to preserve evidence for later use at trial).

The trial court, by agreeing with the Commonwealth's argument, concluded that probable cause supported appellant's arrest, and therefore any search incident to that arrest was proper. In so ruling, the court implicitly rejected appellant's arguments at trial and accepted the Commonwealth's position that because McAndrew had probable cause for an arrest, the issue of consent was not before the court.

Finding the police had probable cause to arrest appellant, and searched appellant incidental to a valid arrest, we need not address whether the detective's request for consent violated appellant's <u>Miranda</u> rights, nor whether inevitable discovery applies. <u>See</u> <u>Luginbyhl v. Commonwealth</u>, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) ("[A]n appellate court decides cases 'on the best and narrowest ground available.'" (quoting <u>Air Courier Conference v. Am. Postal Workers Union</u>, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).

                                                    CONCLUSION

For the foregoing reasons, we find the trial court did not err in denying appellant's motion to suppress.

                                                                                                    <u>Affirmed.</u>