Present: Kinser, C.J., Lemons, Goodwyn, and Millette, JJ., and Russell and Koontz, S.JJ.

VIRGINIA DEPARTMENT OF CORRECTIONS

OPINION BY
v. Record No. 092501      SENIOR JUSTICE CHARLES S. RUSSELL
April 21, 2011

TAMMY ESTEP

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

This is an appeal from the judgment of a circuit court implementing the decision of a hearing officer pursuant to Code § 2.2-3006(D), a part of the State Grievance Procedure provided for the benefit of employees of the Commonwealth, Code § 2.2-3000 et seq.

Facts and Proceedings

The facts will be stated in the light most favorable to the grievant, who was the prevailing party before the hearing officer and in the circuit court. Prior to November 2006, Tammy Estep (the grievant) was employed by the Virginia Department of Corrections (the DOC) as Superintendent of the Central Virginia Correctional Unit (CVCU). Her superiors had consistently given her good performance ratings. On November 13, 2006, she was involuntarily demoted to a lower position. She filed a grievance pursuant to Code § 2.2-3003 that ultimately came before a hearing officer.

After hearing 36 witnesses over three days, the hearing officer found that the grievant's demotion was unwarranted. He entered an order directing the DOC to

> reinstate the Grievant to a comparable position as either a Superintendent or an Assistant Warden, such that she will be in the same Pay Band as she was when she was involuntarily demoted. The Hearing Officer orders the agency to provide the Grievant similar housing as she had in her prior position or a supplement to her pay to compensate her for that housing.

The order directed the DOC to reimburse the grievant for any pay she had lost as a result of the demotion. The hearing officer stated that he was "loathe to disrupt any continuity that has been established at the Grievant's prior location" but nevertheless ordered:

> If the Agency is unable to provide an Assistant Wardenship, which is in the same Pay Band that the Grievant occupied when she was Superintendent, along with the appropriate housing or housing allowance, the Hearing Officer orders that the Agency return the Grievant to her original position with her original Pay Band and the housing provided at that Unit.

Code § 2.2-3006(A) provides for administrative review of a hearing officer's decision at the request of either party to a grievance proceeding to ensure that it is "consistent with policy." Code § 2.2-3006(B) provides for appeal of such a decision to the circuit court if either party contends that the decision is "contradictory to law." Because neither party sought administrative or judicial review of the hearing

officer's decision in the present case, the decision became "final and binding" pursuant to Code § 2.2-3005.1(C).

Because the grievant's former position at CVCU had been filled, the DOC attempted to comply with the hearing officer's order by transferring the grievant to a newly-created position as Deputy Warden at the Powhatan Reception and Classification Center (PRCC) at the same rate of pay but with different duties, responsibilities and authority. The grievant contended that the position at PRCC was not a "comparable position" to that from which she had been involuntarily demoted. She brought the present proceeding by filing a petition for implementation of the hearing officer's order in the Circuit Court of Chesterfield County pursuant to Code § 2.2-3006(D), asserting that the DOC had incorrectly and inadequately implemented the Hearing Officer's order.

The court received a stipulation of facts and exhibits and heard testimony ore tenus. The court found that the grievant's new position, while compensated at the same pay band, was not comparable to her former position with regard to duties, responsibilities, opportunities for professional training and advancement, or rank within the career path of the DOC. The court held that the DOC had failed to implement the hearing officer's order. Because the DOC had failed to place the grievant in a comparable position, the court ordered

her restored to her original position at CVCU. The court also awarded attorney's fees to the grievant pursuant to Code § 2.2-3006(E).

The DOC appealed the circuit court's judgment to the Court of Appeals. By an opinion and order entered December 15, 2009, that Court held that it lacked jurisdiction over the appeal because it was neither an appeal of the decision of a circuit court on appeal from the decision of an administrative agency nor an appeal of a grievance hearing decision. The Court held that while those cases are within the statutory jurisdiction of the Court of Appeals, the present case is not. The Court of Appeals transferred the appeal to this Court pursuant to Code § 8.01-677.1. Virginia Dep't of Corr. v. Estep, 55 Va. App. 386, 388-91, 685 S.E.2d 891, 893-94 (2009).

## Analysis

This appeal involves neither the factual basis nor the legal correctness of the hearing officer's decision. Our consideration is confined to the circuit court's decision implementing the hearing officer's order. The appeal presents a mixed question of law and fact. On appellate review, we defer to the trial court's findings of fact if the record contains evidence to support them but we review conclusions of

4

law de novo.  Luria v. Board of Dirs., 277 Va. 359, 365, 672 S.E.2d 837, 840 (2009).

The hearing officer determined that the grievant had been involuntarily demoted without just cause and entered an order designed to rectify that injustice.  Although the hearing officer expressed reluctance to "disrupt any continuity" at the grievant's former workplace if her position had been filled by another person since her demotion and transfer, he nevertheless ordered DOC to restore her to her original position if DOC could not provide her with a comparable position elsewhere.  In the circuit court, the grievant contended that her new position at PRCC was not comparable to her original position and the DOC denied that assertion.

The record before the circuit court included the following evidence relevant to that issue:  At CVCU the grievant served as head of the unit; managed and directed the budget, planning and personnel; was responsible for complex administrative duties including developing and directing policies and procedures; served as public relations director for the facility and was entitled to participate in the Senior Management Training Institute.  She attended meetings and conferences that provided an advanced level of management training.  Her title was "Superintendent, Senior."

In her new position at PRCC, her title was "Deputy Warden." She was not the unit head, did not formulate policies, did not handle budget issues, did not plan or develop projects and was not permitted to participate in senior management training programs. Her former rank within the hierarchy of the DOC had been "Security Manager III" and she reported to a "Security Manager IV." In her new position, her rank was reduced to "Security Manager II" and she reported to a "Security Manager III," the rank she had formerly occupied.

We hold that the circuit court's finding that the two positions were not comparable was supported by the evidence. "Comparable" is defined as "equivalent, similar." Webster's Third New International Dictionary 461 (3d ed. 1993). It is apparent from the context of the hearing officer's decision that he used the term in that sense because the purpose of his order was to make the grievant whole. If the DOC could not furnish a comparable substitute, the grievant was to be restored to her original position. Because the DOC was unable to provide a comparable substitute position, implementation of the hearing officer's order required restoration of the grievant to her original position.

In a motion to reconsider the circuit court's ruling, and in an assignment of error here, the DOC argues that the

6

hearing officer had no legal authority to restore the grievant to her original position after it had been filled.  The circuit court noted in its letter opinion denying the motion to reconsider that the parties had agreed that "no part of the hearing officer's decision was contradictory to law." Further, the DOC failed to raise that question by appealing the hearing officer's decision to the circuit court to challenge its legal correctness pursuant to Code § 2.2-3006(B).  Accordingly, we deem that argument waived and do not consider it.

Conclusion

For the reasons stated, we will affirm the judgment of the circuit court in all respects, including its award of attorney's fees.  Because the grievant prevailed on appeal as well as in the circuit court, she is entitled to an award of attorney's fees incurred on appeal.  Accordingly, we will remand the case to the circuit court for ascertainment and award of appellate attorney's fees.

Affirmed and remanded.