## CIRCUIT COURT OF CHESTERFIELD COUNTY

Tammy Estep

v.

Virginia Department
of Corrections

August 10, 2015

Case No. CL15-1355

By Judge David E. Johnson

Petitioner Tammy Estep petitions this Court to implement the Decision of Hearing Officer, Department of Employment Dispute Resolution, Commonwealth of Virginia, dated October 4, 2007. Estep asserts that Respondent Virginia Department of Corrections ("DOC") has incorrectly and inadequately implemented the Hearing Officer's decision. DOC asserts it has complied with the Hearing Officer's decision. This matter came before the Court on July 20, 2015, for a hearing on Estep's Petition for Implementation and DOC's Motion To Dismiss. The Court received evidence in the form of an "Agreed Stipulation and Related Documents" containing twenty-nine exhibits, three additional exhibits presented by Petitioner, and testimony offered on behalf of both parties. The Court heard oral argument from counsel. At the conclusion of the hearing, the Court took both the Petition and the Motion To Dismiss under advisement. The Court has reviewed and considered the pleadings, evidence, and arguments of the parties, and has examined pertinent case and statutory law.

*Facts*

This case has an extensive factual history. The Court relies on the Facts and Proceedings recited in *Virginia Dept. of Corrections v. Estep*, 281 Va. 660, 662-64 (2011), for the factual history of this matter prior to April 2011. Prior to November 2006, Estep was employed by DOC as Superintendent of the Central Virginia Correctional Unit ("CVCU"). On November 13, 2006, she was involuntarily demoted to a lower position. She filed a

grievance pursuant to Code of Virginia § 2.2-3003 that ultimately came before a hearing officer.

The Hearing Officer heard from thirty-six witnesses during the course of three days and found that Estep's demotion was unwarranted. The Hearing Officer entered an order directing DOC to:

> [R]einstate the Grievant to a comparable position as either a Superintendent or an Assistant Warden, such that she will be in the same Pay Band as she was when she was involuntarily demoted. The Hearing Officer orders the agency to provide the Grievant similar housing as she had in her prior position or a supplement to her pay to compensate for that housing.

The order directed DOC to reimburse Estep for any pay she had lost as a result of the demotion. The Hearing Officer stated that he was "loathe to disrupt any continuity that has been established at the Grievant's prior location" but nevertheless ordered:

> If the Agency is unable to provide an Assistant Wardenship, which is in the same Pay Band that the Grievant occupied when she was Superintendent, along with the appropriate housing or housing allowance, the Hearing Officer orders that the Agency return the Grievant to her original position with her original Pay Band and the housing provided at that Unit.

As Estep's former position at CVCU had been filled, DOC attempted to comply with the decision by transferring Estep to a newly created position as Deputy Warden at the Powhatan Reception and Classification Center ("PRCC") at the same rate of pay but with different duties, responsibilities, and authority. Estep contended the position was not comparable and filed a petition of implementation with the Circuit Court of Chesterfield County asserting that DOC had incorrectly and inadequately implemented the Hearing Officer's order.

The Court found that Estep's new position, while compensated at the same Pay Band, was not comparable to her former position with regard to duties, responsibilities, opportunities for professional training and advancement, or rank within the career path of DOC. The Court ruled that DOC had failed to implement the Hearing Officer's order. Because DOC had failed to place Estep in a comparable position, the Court ordered her restored to her original position at CVCU. *See Tammy Estep v. Virginia Dep't of Corrections*, CL08-322 (Chesterfield Cir. Ct., August Aug. 21, 2008). On April 21, 2011, the Supreme Court of Virginia affirmed the decision of the Chesterfield Circuit Court.

Pursuant to the decision of the Hearing Officer, the ruling of the Chesterfield Circuit Court, and the decision of the Virginia Supreme Court

of Virginia, DOC Employee Work Profiles ("EWP") show that, in June 2011, Estep was employed as Superintendent Senior at CVCU, Security Manager III, Code 69117, in Pay Band 6, reporting to Security Manager IV. "Virginia Department of Corrections Employee Work Profile – Tammy C. Estep," Petitioner's Exhibit 1, tab 9.

On October 6, 2011, David Robinson, DOC Chief of Corrections Operations, announced a realignment of the positions of Warden, Superintendent, Deputy Warden, and Assistant Warden. "Memorandum of David Robinson" October 6, 2011, Petitioner's Exhibit 1, tab 4. Pertinent portions of the Memorandum read as follows:

> As we proceed with our reorganization and improving the operation of the Department, we realize that we have too many different levels of warden and superintendent positions within the roles and bands. These multiple levels restrict the Department's ability to effectively manage the operations of various levels of facilities in the agency. . . .
>
> In order to simplify our classification system, we will collapse the Corrections Chief Wardens and Corrections Wardens Senior into the role of Security Manager III in band 6. Likewise, we will collapse the Institutional Superintendents Senior, Institutional Superintendents, Deputy Warden, and Assistant Wardens into the role of Security Manager II in band 5. All wardens will use the same title, "Warden"; and all superintendents will use the same title, "Superintendent."
>
> Operationally, we will offer an alternative salary scale for those employees in Security Manager III positions who serve as wardens at [certain facilities]. Incumbents while at these facilities will receive a higher salary. Should they return to a warden's position at other facilities they may expect a decrease in salary. . . . The process will be the same for those employees appointed to the former position of Institutional Superintendent Senior. The present incumbents in the higher level facilities will retain their salaries should they move.

Pursuant to the reorganization outlined in this Memorandum, DOC EWPs show that Estep was employed in the following positions:

| Effective Date | Work Title | Role Title & Code | Band | Supervisor |
|---|---|---|---|---|
| 11/1/11-<br>10/31/12 | Superintendent | Security Manager II 69116 | 5 | Admin Mgr III |
| 11/1/12-<br>10/31/13 | Superintendent Sr. | Security Manager II 69117 | 6 | Admin Mgr III |

| 11/1/13-10/31/14 | Superintendent Sr. | Security Manager II 69117 | 6 | Admin Mgr III |
|---|---|---|---|---|
| 11/1/14-10/31/15 | Warden | Security Manager II 69117 | 6 | Sec Mgr IV |

"Virginia Department of Corrections Employee Work Profile – Tammy C. Estep," Petitioner's Exhibit 1, tabs 10, 11, 12, and 13.

While DOC records reflect this employment history for Estep, testimony from Deborah Howell, Human Resources Management Consultant for the Virginia Department of Human Resources Management ("DHRM") contradicts DOC's records. During Ms. Howell's testimony, an "Active Employee Transaction History Summary" was submitted as evidence. "Active Employee Transaction History Summary for Tammy C. Estep," Petitioner's Exhibit 4. This summary shows that Estep's role code effective October 10, 2011, to the present is Code 69116. DOC EWPs for the same time period report that Estep's role code was 69117. The DHRM summary shows that Estep's pay "grade" effective October 10, 2011, to the present is Pay Band 5. DOC EWPs for the same time period report Estep's Pay Band was Pay Band 6. Ms. Howell testified that the information listed on Estep's DOC EWPs regarding pay ban is incorrect.

Apparently these types of inaccuracies in DOC's records are not limited to Estep. The Court heard testimony from Rita Peters, CVCU Superintendent, that her Pay Band information in her EWP for the periods 10/25/10-10/24/11 and 10/25/11-10/24/12 and her work title in her EWP for the period 10/31/12-10/31/13 are incorrect. *See* "Virginia Department of Corrections Employee Work Profile," Petitioner's Exhibit 1, tabs 20, 21, 22. She testified that these errors are "just typos." Additionally, the Court notes that, while the work title on Estep's EPW for the period 11/1/14-10/31/15 is "Warden," the signature line for Estep reads "Superintendent."

The role codes are relevant in that each individual code represents positions that carry different duties, responsibilities, and authority. Pay Bands set different salary parameters for those employed within a specific band. Such information is necessary for the Court to determine if positions are comparable. The Court notes that this is not the first time that the fact-finder was forced to hunt for what should be the readily available and verifiable information of Estep's employment terms. In the decision of this Circuit Court in August 2008, Judge Rockwell wrote: "Although the Department [DOC] contends that the role titles referenced in the Deputy Warden Employee Work Profile are 'typos,' the Court declines to accept that explanation."

Based upon the stipulated evidence, a DOC employee under Code 69116 is a Security Manager II in Pay Band 5. A DOC employee under Code 69117 is a Security Manager III in Pay Band 6. Petitioner's Exhibit 1, tab 28, p. 10. The Security Manager II 69116 "provides career tracks for security

management specialists who plan and supervise operational, programmatic, and administrative functions." The Security Manager III 69117 plans and supervises "major operational, programmatic, or administrative functions in the largest correctional facilities or direct[s] a large regional system of correctional programs and facilities." *Id.* at p. 10-11. There is significant difference between the two positions in complexity, results, and accountability. For example, the work of the Security Manager II 69116 "is planned and organized within broad guidelines." The work of the Security Manager III 69117 "is of considerable difficulty requiring extensive knowledge of criminal justice, offender management, administration, and programs for offenders. The decisions of the Security Manager II 69116 "impact safety and security of staff, inmates, and the community" while the decisions of the Security Manager III 69117 have "[c]onsiderable impact on institutional, regional, and major components of correctional programs." A Security Manager II 69116 is accountable to achieve "assigned goals and objectives;" a Security Manager III 69117 has "[s]ignificant independence in decision-making." It is clear there are significant differences in duties, responsibilities, and authority between these role code positions.

Likewise, the two levels of state Pay Bands at issue in this matter carry significant differences. Pay Band 5 provides a salary range of $42,614 to $96,134; Pay Band 6 provides a salary range of $55,672 to $124,244. "State (SW) Pay Bands – August 10, 2015," Petitioner's Exhibit 1, tab 29. This exhibit also lists the NOVA pay range for band 5 as $42,614-$124,974 and for band 6 as $55,672-$161,517.

On April 25, 2015, DOC changed Estep's position to Assistant Warden (subsequently retitled Superintendent Senior) at the Chesterfield Women's Detention and Diversion Center ("CWDCC"). According to stipulated evidence, the work title for this position is Superintendent, the role title is Security Manager II, the role code is 69116, and the Pay Band is 5. "Employee Direct, Employment and Compensation Information Online, Agency, Role & Position Information for Tammy C. Estep," Petitioner's Exhibit 1, tab 14. The DHRM summary lists the same role code and pay grade for this position. "Active Employee Transaction History Summary for Tammy C. Estep," Petitioner's Exhibit 4. Estep's petition states that she received a salary increase of $4,000 when she was moved to her current position.

Testimony and evidence was presented comparing Estep's duties, responsibilities, authority, opportunities for professional training and advancement in her former position at CVCU and in her current position at CWDCC. The Court finds the following:

1. Estep served as head of the unit at CVCU; she serves as head of the unit at CWDCC.

2. Estep managed and directed budget, planning, and personnel decisions at CVCU. It is unclear if Estep has that same authority at CWDCC. Estep

testified that she could not state if her budget responsibilities at CWDCC are same; Mr. Robinson (Chief of Corrections Operations) testified that Estep's responsibilities are the same at CWDCC.

3. Estep directed and developed policy procedures at CVCU. The Court received no evidence concerning Estep's policy responsibilities at CWDCC.

4. Estep had public relations duties at CVCU. The Court received no evidence regarding Estep's public relations duties at CWDCC.

5. Estep had access to management training at CVCU; she has access to management training at CWDCC.

6. Estep supervised 51 employees at CVCU; Estep supervises 35 employees at CWDCC.

7. CVCU houses approximately 250 adult females; CWDCC houses approximately 100 adult females.

The Court heard evidence concerning the differences between offenders housed at CVCU and those housed at CWDCC. Rita Peters testified regarding her administrative, budget, and security responsibilities at CVCU and CWDCC. She noted differences in the security level, offenders, responsibilities, and liability. Doug Smith, former Human Resources officer at Powhatan Corrections Center, testified that a lateral transfer has to be within the same grade. DOC called several witnesses who testified that the position of Superintendent at CWDCC is comparable to the position of Superintendent at CVCU.

## Procedural Posture

Estep contends that the job change of April 25, 2015, from Superintendent Senior at CVCU to Assistant Warden (subsequently retitled Superintendent Senior) at CWDDC violates the Hearing Officer's order in that she has been moved to a position not comparable to her former position with regard to duties, responsibilities, opportunities for professional training and advancement, and rank within a career path. It is less clear if Estep asserts that her employment from October 2011 – in the wake of DOC's reorganization memorandum – until April 2015 was not comparable to her former position. Estep testified that her duties were not affected by the October 2011 reorganization, but alleges in paragraph 18 of her petition that DOC "began making plans to demote Ms. Estep to fit its 2006 goals shortly after the Supreme Court's ruling." In the same paragraph, she states that her position at CWDDC is not comparable to her former position.

DOC moves the Court to dismiss the petition on several grounds. To the extent Estep is challenging the October 2011 realignment, DOC asserts the realignment does not constitute a change in position subject to review under the grievance process, that Estep had already been reinstated to her original position, and that Estep has not filed a grievance or otherwise challenged the realignment during the four years she held her position as Superintendent Senior at CVCU. To the extent Estep is challenging the

transfer to CWDDC, DOC asserts it has the authority to manage the affairs and operations of the agency, that the transfer is an action unrelated to the prior grievance, and that the assignment was not a demotion but a lateral transfer. DOC asserts that Estep is "effectively asking this Court to create a permanent injunction preventing [DOC] from ever reassigning [Estep] to another position regardless of business needs."

*Analysis*

The standard of the Court in considering a Petition for Implementation "is limited to the act of implementation or refusing to implement the Hearing Officer's ruling. . . . [T]he court may only 'implement'." Va. Code Ann. § 2.2-3006(D); *Commonwealth of Virginia, Dep't of Envtl. Quality v. Wright*, 256 Va. 236, 241 (1998); Va. Code Ann. § 2.2-3006(D). As previously recited, the Hearing Officer entered an order directing DOC to:

> [R]einstate the Grievant to a comparable position as either a Superintendent or an Assistant Warden, such that she will be in the same Pay Band as she was when she was involuntarily demoted. . . . If the Agency is unable to provide an Assistant Wardenship, which is in the same Pay Band that the Grievant occupied when she was Superintendent, along with the appropriate housing or housing allowance, the Hearing Officer orders that the Agency return the Grievant to her original position with her original Pay Band and the housing provided at that Unit.

Estep was removed from the position of Superintendent Senior, Role Title and Code of Security Manager III 69117, in Pay Band 6, reporting to Security Manager IV. It is to this position or one comparable that Estep was to be restored following the decision of the Hearing Officer, the order of this Circuit Court, and the decision of the Supreme Court of Virginia.

The Court first considers the events surrounding the DOC memorandum of October 6, 2011. The DHRM record shows that on October 10, 2011, four days after the memorandum, Estep's role code was 69116 in pay grade 5. Accordingly, the Court finds that DOC failed to implement the order of the Hearing Officer in that Estep's previous Pay Band and role code were not reinstated. The Court declines to accept the explanation that the differences between the DOC records and the DHRM record are just record keeping errors. As the duties and responsibilities in role code 69116 are significantly different than those in role code 69117, DOC cannot maintain that the positions are comparable. They are by definition incomparable. Moreover, Estep was during this time employed within a lower Pay Band, an issue specifically identified for remedy by the Hearing Officer.

The Court acknowledges that, despite Estep's official status as code 69116 in Pay Band 5, she did from October 2011 to April 2015 discharge the duties and responsibilities of her previous position and was, for all intents and purposes, acting as role 69117. The issue before this Court, however, is not what Estep did, but what DOC did. The record is clear that DOC did not implement the decision of the Hearing Officer in October 2011.

DOC's failure to implement the Hearing Officer's order has been ongoing since 2011. The transfer of Estep on April 25, 2015, from CVCU to CWDDC, only proliferates DOC's non-compliance. In this instance, the records of DHRM and DOC are consistent: Estep's role code at CWDDC is 69116 and the Pay Band is 5. The Court finds that DOC again failed to implement the Hearing Officer's order in that Estep's previous Pay Band and role code were not reinstated. The Court finds that the two positions are not comparable because the duties, responsibilities, and authority listed in role code 69116, under which Estep is employed, and those listed under role code 69117, to which Estep was to be reinstated, are by definition incomparable. As such, this Court need not consider the specific differences in the duties of the two positions in order to find DOC has failed to implement the Hearing Officer's decision.

Having found DOC to have never implemented the Hearing Officer's decision, the Court need not address DOC's assertion that Estep is "effectively asking this Court to create a permanent injunction preventing [DOC] from ever reassigning [Estep] to another position regardless of business needs." The Court does point out, however, that the grievance statute states that the decision of the hearing officer shall "be final and binding [on the agency] if consistent with law and policy." Va. Code Ann. § 2.2-3005.1(C). Additionally, the provisions of the Hearing Officer's decision, the order of this Circuit Court in 2008, and the decision of the Supreme Court of Virginia are couched in mandatory, not discretionary, language. If DOC were free to accept or to reject the Hearing Officer's decision under the guise of "business needs," the decision would not be "final and binding" and the grievance procedure mandated by the General Assembly would be rendered impotent. *See Angle v. Overton*, 235 Va. 103, 106-07 (1988). The resolution of employee problems and complaints through the Commonwealth's grievance procedure does not impair the ability of an agency to manage its affairs. It requires only that management decisions reflect the resolution of any complaints. The Hearing Officer's decision makes it plain to DOC how this can be accomplished.

## Decision

The Court finds that DOC has failed to reinstate Estep to a position comparable to that which she enjoyed as Superintendent Senior at CVCU consistent with the Hearing Officer's decision. DOC's failure has been ongoing since 2011. The Court grants Estep's petition pursuant to Code

of Virginia § 2.2-3006(D), denies DOC's motion to dismiss, and orders DOC to implement the Hearing Officer's decision by reinstating Estep "to a comparable position as either a Superintendent or an Assistant Warden, such that she will be in the same Pay Band as she was when she was involuntarily demoted" or return Estep "to her original position with her original Pay Band."

The Court awards Estep attorney's fees in the amount of $25,403.30.