UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Alston, Beales and Senior Judge Haley
Argued at Richmond, Virginia


VIRGINIA DEPARTMENT OF CORRECTIONS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0485-16-2              JUDGE JAMES W. HALEY, JR.
                                                         OCTOBER 11, 2016

TAMMY ESTEP


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Laura H. Cahill, Assistant Attorney General (Richard C. Vorhis,
Senior Assistant Attorney General, on briefs), for appellant.

Patricia Bugg Turner (Mary Elizabeth Davis; Elizabeth Scott Turner;
Spotts Fain PC, on brief), for appellee.


        The Virginia Department of Corrections ("VDOC") appeals the circuit court's February 24,

2016 decision holding VDOC in contempt for violating orders entered by the circuit court on

September 1 and December 15, 2015.  VDOC also appeals the circuit court's decision to impose

monetary sanctions against it in connection with the violation of those orders.  VDOC asserts that

the circuit court erred by imposing civil contempt sanctions against it because it is a state agency

and is, therefore, entitled to sovereign immunity.  It also contends the circuit court erred by holding

it in civil contempt for failing to comply fully with those orders because VDOC made a good faith

attempt to comply and was not given an opportunity to take corrective action before the circuit court

found it in contempt.  Finally, VDOC maintains that an $18,000 sanction is "inappropriate" because

VDOC made a good faith effort to comply with the circuit court's instructions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Because we conclude that the evidence was insufficient for the circuit court to conclude that VDOC was in violation of the orders entered on September 1 and December 15, 2015, we reverse the circuit court's decision.

BACKGROUND

The pertinent facts are not in dispute, and have been well-documented in prior litigation between the parties and an earlier appeal. See Virginia Dep't of Corr. v. Estep, 281 Va. 660, 710 S.E.2d 95 (2011) (hereinafter "Estep I"). Prior to November 2006, Estep was employed by VDOC as Superintendent of the Central Virginia Correctional Unit ("CVCU") in Chesterfield County. After receiving consistently good performance ratings, she was involuntarily demoted to a lower position on November 13, 2006. She filed a grievance pursuant to Code § 2.2-3003, and a hearing officer heard evidence for three days before concluding that Estep's demotion was unwarranted. On October 4, 2007, the hearing officer entered an order directing VDOC to

> reinstate the Grievant to a comparable position as either a Superintendent or an Assistant Warden, such that she will be in the same Pay Band as she was when she was involuntarily demoted. The Hearing Officer order[ed] the agency to provide the Grievant similar housing as she had in her prior position or a supplement to her pay to compensate her for that housing.

Id. at 662, 710 S.E.2d at 96. The hearing officer went on to decide that,

> [i]f the Agency is unable to provide an Assistant Wardenship, which is in the same Pay Band that the Grievant occupied when she was Superintendent, along with the appropriate housing or housing allowance, . . . the Agency [must] return the Grievant to her original position with her original Pay Band and the housing provided at that Unit.

Id. at 663, 710 S.E.2d at 96. "Because neither party sought administrative or judicial review of the hearing officer's decision . . . , [it] became 'final and binding' pursuant to Code § 2.2-3005.1(C)." Id.

As Estep's former position had been filled, VDOC attempted to place her in a "comparable" position. Estep protested that the position in which she was placed was not "comparable," and, pursuant to Code § 2.2-3006(D), filed an action in circuit court to implement the hearing officer's decision. After finding that the position in which Estep had been placed was not "comparable," the circuit court ordered VDOC to restore Estep to her former position. Estep I, 281 Va. at 663, 710 S.E.2d at 96. VDOC appealed the circuit court's decision.

On April 21, 2011, the Supreme Court[1] upheld the circuit court's decision. The Supreme Court concluded that the evidence supported the circuit court's finding that Estep's new position was not "comparable" and affirmed the circuit court's order to restore her to her former position. Id. at 665, 710 S.E.2d at 97.

In June of 2011, Estep was reinstated to her original job at CVCU (a/k/a "Unit 13") as a Superintendent Senior, Security Manager II, Code 69117, Pay Band 6, reporting to a Security Manager IV. On October 6, 2011, VDOC issued a memorandum announcing that it was realigning job positions and pay bands. On April 25, 2015, VDOC moved Estep from her position at CVCU to the Chesterfield Woman's Detention and Diversion Center ("CWDDC"). Estep retained the title of Superintendent Senior.

In the wake of her transfer, on May 19, 2015, Estep filed a petition for implementation in the circuit court pursuant to Code § 2.2-3006(D). Estep argued that her new position was an involuntary demotion in violation of the hearing officer's October 4, 2007 decision.

On August 10, 2015, the circuit court issued a memorandum opinion, concluding that VDOC had failed to place Estep in a comparable position to the one she had held as Superintendent Senior at CVCU. On September 1, 2015, the circuit court ordered VDOC to

---

[1] As the circuit court did not hold VDOC in contempt, this Court did not have subject matter jurisdiction and transferred the appeal to the Supreme Court. See Virginia Dep't of Corr. v. Estep, 55 Va. App. 386, 388-91, 685 S.E.2d 891, 893-94 (2009).

"return Ms. Estep 'to a comparable position as either a Superintendent or an Assistant Warden, such that she will be in the same Pay Band as she was when she was involuntarily demoted' or return Ms. Estep 'to her original position with her original Pay Band'" and to provide "'similar housing as she had in her prior position or [to] supplement her pay to compensate her for that housing' . . . ."

Following the September order, VDOC offered Estep a position at Southampton Detention and Diversion Center ("Southampton"). When Estep maintained that the position was not comparable to her original position, VDOC offered to participate in mediation with her. Instead, on November 3, 2015, Estep petitioned the circuit court for a rule to show cause as to why VDOC should not be held in contempt for its failure to return her to her former position or to a comparable position.

The parties appeared before the circuit court on December 7, 2015. The circuit court heard evidence regarding the positions in which Estep might be placed that VDOC deemed "comparable."[2] The Director of VDOC testified that VDOC preferred to place Estep in a comparable position rather than to return her to her former position, a job that had already been filled. Estep maintained that her original position at CVCU was "unique" and that a "comparable" position was not available.

Based upon the parties' diametrically opposed positions, counsel for VDOC sought a ruling from the circuit court regarding how to comply with its directive to place Estep in a "comparable" position. The trial judge observed he "didn't want it . . . stated on the record that

---

[2] Three days prior to the hearing, VDOC offered Estep another position at Cold Springs Correctional Unit ("Cold Springs"). Both the Southampton and the Cold Springs positions had the title of Security Manager II, 69116, and were supervised by a Security Manager III. Both positions were in Pay Band 5.

I'm going to make a decision today about comparability." Counsel for VDOC responded, "Our hope is – Department of Corrections' hope and my hope, and I think even [Estep's attorney's] hope, is that if we could get some direction from the Court as to if you place her here or there or wherever it might be, that will satisfy the Court's order."

The circuit court answered,

> Well, we'll be able to talk about that a little later on. . . . Because, I mean, why do we have a hearing officer if I'm going to do that? In other words, the hearing officer hears something. The hearing officer makes a decision. The circuit court's duty is to implement the order of the hearing officer.

Later, counsel for Estep, in asking the circuit court to order VDOC to place Estep in her former position, asserted VDOC could not comply with the hearing officer's directive to place Estep in a "comparable" position because no such position existed. She stated, "I think it's been made clear to you today that there is no way to comply with the first part that says . . . ." The trial judge interjected, "Well, that's up to them [VDOC], isn't it?" Counsel for VDOC responded, "I don't think it is. I think the Court can make that ruling. Judge Rockwell did that in 2008, and the Supreme Court . . . ." When the circuit court judge noted that Judge Rockwell had simply implemented the hearing officer's decision by ordering VDOC to either place Estep in her former job or in a comparable position, Estep's counsel pointed out that Judge Rockwell had ordered that Estep be returned to her former position. The trial judge responded that he was not going to order anything other than the hearing officer's decision and that the hearing officer's decision was either to place Estep in her old position or in a comparable position. When counsel for Estep reiterated that she did not believe a comparable position existed, the trial judge stated, "Well, they can make something up, can't they? They can create something tomorrow if they want to."

Counsel for Estep noted that VDOC's attempt to reclassify what had been a lower level position had resulted in the litigation that led to the Supreme Court decision. The circuit court judge responded, "They have more options, though, it seems to me. But I understand the argument. I am going to follow strictly the authority of this court and not take one step beyond it."

Despite hearing evidence from the parties regarding the job options offered to Estep, the circuit court judge ruled, "This Court has no facts upon which to make a determination that the department has moved Ms. Estep to a comparable position because she is in the same position, nor will it rule on comparability until that time." The court cautioned, however, that "neither its order, nor the order of the hearing officer, states that the only comparable position is the one from which Ms. Estep was removed."

Following the December hearing, the circuit court found VDOC in contempt for violating its September 1, 2015 order. The circuit court entered an order on December 15, 2015, memorializing its bench ruling on December 7, 2015. The order directed VDOC to

> return Ms. Estep "to a comparable position as either a Superintendent or an Assistant Warden, such that she will be in the same Pay Band as she was when she was involuntarily demoted" or return Ms. Estep "to her original position with her original Pay Band" and to provide "similar housing as she had in her prior position or supplement her pay to compensate for that housing" on or before December 11, 2015.

The order provided that the circuit court would assess a fine of $1,000 per day against VDOC for each day after December 11, 2015 that VDOC had failed to comply with the order.

Immediately after the hearing, VDOC upgraded Estep's position from Security Manager II, Pay Band 5, to Security Manager III, Pay Band 6, Sub-Band 15. Later that same day, the Director of VDOC sent a memorandum to Estep offering her three positions that VDOC deemed "comparable" to her original position: Superintendent positions at CWDDC, Cold Springs, and

Southampton. The memorandum stated that if Estep failed to select one of the jobs offered to her within the three-day deadline set by the circuit court, VDOC would place her in the one that best suited its operational needs. Estep selected the position at CWDDC so as to avoid having to relocate from Chesterfield.

Approximately one month later, on January 6, 2016, Estep filed a third petition to implement the hearing officer's decision and another request for a rule to show cause. On February 17, 2016, the parties appeared before the circuit court. VDOC pointed out that it had changed Estep's title and pay band in her current position and had offered her two other positions it deemed comparable. It noted that Estep had opted to remain in her current position in Chesterfield rather than relocate.

At the conclusion of the hearing, the circuit court sought to clarify what it considered a "comparable" position. Citing the Supreme Court's decision in Estep I, the court ruled that a "comparable" position was one that was "equivalent" to the original position and made Estep "whole." It noted that it had not ruled in December that "the sole measure of comparability was role code and pay band." The circuit court therefore concluded that Estep's position at CWDDC was not "comparable" to her original position. However, it refused to decide whether the other two positions offered to Estep were comparable; it reiterated that it could decide whether a position was comparable only after VDOC placed Estep in another position. At the same time, the circuit court ruled that it found "no authority in the Commonwealth's grievance procedure that allow[ed] the agency itself [to] determine if it is in compliance." The court emphasized that "the issue of comparability is triggered when DOC does something; namely, transfer Ms. Estep to a position it believes comparable." Concluding that it lacked the "authority" to decide whether the positions offered to Estep were comparable, the circuit court ordered that VDOC restore Estep to her original position.

On February 24, 2016, the circuit court entered an order holding VDOC in contempt for violating its orders of September 1 and December 15, 2015, and fining VDOC $1,000 for each day VDOC was in violation of those orders between December 18, 2015, and February 17, 2016. The fine that accumulated between those dates totaled $68,000. The circuit court suspended $50,000 of that fine on the condition that VDOC pay the $18,000 balance by February 29, 2016, and on the condition that VDOC "complied in every regard with the Order of this Court."

VDOC filed a motion to reconsider, contesting both the contempt finding and the monetary fines. After the circuit court denied the motion to reconsider, VDOC appealed the circuit court's February 24, 2016 order.

ANALYSIS

VDOC contends that the circuit court erred by imposing monetary sanctions against it because VDOC, as a state agency, is cloaked with sovereign immunity. It asserts that, absent explicit statutory or constitutional authority waiving VDOC's sovereign immunity in employee grievance proceedings, the civil contempt fines imposed by the circuit court were barred. VDOC points out that Code § 2.2-3006(D), the statute granting authority to the circuit court to implement the decision of the hearing officer, contains no express language approving monetary sanctions against the Commonwealth in the event it fails to comply with the circuit court's order. VDOC also maintains that the circuit court erred by holding it in civil contempt for failing to comply with its September 1 and December 15, 2015 orders because VDOC made a good faith attempt to comply with them. Even assuming that VDOC did not fully comply with the orders, it asserts that an $18,000 sanction was inappropriate due to its good faith attempts to comply.

Estep counters that the doctrine of sovereign immunity did not bar the circuit court from enforcing its own orders through its contempt powers. She points out that a court's contempt "power may be regulated by the Legislature, but cannot be destroyed or so far diminished as to

- 8 -

be rendered ineffectual." Burdett v. Commonwealth, 103 Va. 838, 842, 485 S.E. 878, 879 (1904) (quoting Carter v. Commonwealth, 96 Va. 791, 816, 32 S.E. 780, 785 (1899)). Estep argues that, if state agencies are not subject to a circuit court's contempt power, the circuit court has no means to enforce its order and must simply "hop[e] for compliance." Citing precedent from other states, Estep urges the Court to uphold the circuit court's imposition of a "coercive fine" to insure VDOC's compliance with its orders. She disputes VDOC's argument that it made a good faith effort to comply with the September and December orders.

A court may find a "person" in contempt for "disobedience or resistance . . . to any lawful process, judgment, decree or order of the court." Code § 18.2-456(5).[3] "As a general rule, 'before a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed upon him and the command must be expressed rather than implied.'" Glanz v. Mendelson, 34 Va. App. 141, 148, 538 S.E.2d 348, 352 (2000) (quoting Winn v. Winn, 218 Va. 8, 10, 235 S.E.2d 307, 309 (1977)). Thus, prior to a circuit court making a contempt finding, "the actions of the alleged contemnor [must] violate a clearly defined duty imposed upon him or her by a court's decree . . . ." Id. at 149 n.5, 538 S.E.2d at 352 n.5 (quoting Wilson v. Collins, 27 Va. App. 411, 424, 499 S.E.2d 560, 566 (1998)). When the terms of the order issued by the circuit court are "unclear and open to various constructions," the circuit court may not find the party in contempt. See id.

---

[3] The statute provides in pertinent part as follows:

> The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:
>
>    . . . .
>
> (5) Disobedience or resistance of an officer of the court, juror, witness or other person to any lawful process, judgment, decree or order of the court.

"""[F]or a proceeding in contempt to lie,'" there '"must be an express command or prohibition" which has been violated.'" DHRI, Inc v. Hanbeck, 288 Va. 249, 255, 765 S.E.2d 9, 13 (2014) (quoting Petrosinelli v. PETA, 272 Va. 700, 706-07, 643 S.E.2d 151, 154 (2007)). Contempt, whether civil or criminal, is a sanction. See Rainey v. City of Norfolk, 14 Va. App. 968, 971, 421 S.E.2d 210, 212 (1992). A circuit court imposes the sanction after the court is presented with sufficient evidence to find that a party has violated the terms of the court's order. See Michaels v. Commonwealth, 32 Va. App. 601, 609, 529 S.E.2d 822, 826 (2000) ("Before a person may be held in contempt of violating a court order, the order must be in definite terms as to the duties thereby imposed upon him . . . ." (quoting Wilson v. Collins, 27 Va. App. 411, 424, 499 S.E.2d 560, 566 (1998))). "Under well-established Virginia jurisprudence, contempt only lies 'for disobedience of what is decreed, not for what may be decreed.'" DHRI, 288 Va. at 255, 765 S.E.2d at 13 (quoting Petrosinelli, 272 Va. at 706-07, 643 S.E.2d at 154).

Here, the evidence was insufficient for the circuit court to find that VDOC violated its September 1 and December 15, 2015 orders. The terms of those orders were not sufficiently definite for the circuit court to find that VDOC was in violation of them. In both orders, the circuit court ordered VDOC to return Estep "to a comparable position" or to her original position without making any ruling whether the positions offered to her were "comparable."

The circuit court's unwillingness to make such a ruling was based upon its legal conclusion that it lacked the authority under the implementation statute, Code § 2.2-3006(D),[4] to determine whether the positions offered to Estep were comparable. However, nothing in the statute or the case law interpreting the statute supports such a conclusion.

---

[4] Pursuant to this subsection, a party to a grievance proceeding "may petition the circuit court having jurisdiction in the locality in which the grievance arose for an order requiring implementation of the final decision of a hearing officer."

On the contrary, the circuit court judge who originally implemented the hearing officer's decision in 2008 specifically found that the position in which Estep had been placed was not comparable and ordered VDOC to place her in her original position. On appeal, the Supreme Court concluded in Estep I that the evidence supported the circuit court's finding that Estep's new position was not "comparable" and affirmed the circuit court's order to restore her to her former position. Estep I, 281 Va. at 665, 710 S.E.2d at 97. The Supreme Court specifically held "that the circuit court's finding that the two positions were not comparable was supported by the evidence." Id. Thus, the Supreme Court implicitly recognized that a circuit court is authorized to make factual findings in the course of implementing a hearing officer's decision pursuant to Code § 2.2-3006(D).

When "the issue underlying the imposition of a sanction 'is one of law, and not fact, we do not accord the circuit court's ruling the same weight it would be accorded if reached upon conflicting factual evidence.'" Oxenham v. Johnson, 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991) (quoting Tullidge v. Board of Supervisors, 239 Va. 611, 614, 391 S.E.2d 288, 289 (1990)). Here, the issue underlying the circuit court's imposition of the sanction was whether the circuit court had the authority pursuant to Code § 2.2-3006(D) to make a factual finding regarding whether the jobs offered by VDOC were "comparable" to the position previously held by Estep.

The circuit court decided it lacked the authority to make factual findings regarding what jobs were or were not comparable while, at the same time, ruling that VDOC could not make such a determination on its own.[5] We hold that the circuit court erred by ruling that it lacked the authority to make such a determination under Code § 2.2-3006(D).

_____

[5] As the Supreme Court recognized in Estep I, the hearing officer had reached a final decision in the grievance process by the time Estep sought implementation of that order. See Estep I, 281 Va. at 663, 710 S.E.2d at 96 ("Because neither party sought administrative or judicial review of the hearing officer's decision . . . , the decision became 'final and binding' pursuant to Code § 2.2-3005.1(C)."). For that reason, the circuit court was unable to remand the

- 11 -

Accordingly, we do not reach the question of whether a circuit court's inherent contempt power reaches state agencies such as VDOC, or whether such agencies are immune from judicial action based upon principles of sovereign immunity. It is a well-established principle of appellate review that this Court should not decide constitutional questions "if the record permits final disposition of a cause on non-constitutional grounds." Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (quoting Keller v. Denny, 232 Va. 512, 516, 352 S.E.2d 327, 329 (1987)). Similarly, we should decide cases "on the best and narrowest ground available." Id. (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens , J., concurring)).

We decide only that, pursuant to Code § 2.2-3006(D), the circuit court had the authority to make factual findings regarding whether VDOC offered Estep a comparable position, and, upon making that determination, to implement the hearing officer's decision by ordering VDOC to place her in the comparable position or to place her in her original job.[6] Such a finding was, on the facts of this case, necessary before "a clearly defined duty" was imposed upon VDOC. See Glanz, 34 Va. App. at 149 n.5, 538 S.E.2d at 352 n.5 (quoting Wilson, 27 Va. App. at 424, 499 S.E.2d at 566). Because the terms of the September and December orders were "unclear and open to various constructions," the circuit court could not find VDOC in contempt. See id.

---

case to the hearing officer to make additional factual findings regarding the meaning of the hearing officer's directive to VDOC to place Estep in a "comparable" position.

[6] Ultimately, the circuit court implicitly determined that the job options offered to Estep were not "comparable" when it ordered VDOC on February 24, 2016, to restore her to her original position. VDOC immediately complied and, on May 25, 2016, the circuit court ruled that VDOC was in compliance. Estep did not appeal that decision. Thus, the September and December 2015 orders, both of which contained the general directive that VDOC place Estep in either a "comparable" job or in her former position, were the only orders of which VDOC was found to be in violation, held in contempt, and subjected to monetary sanctions.

- 12 -

In conclusion, we hold that the circuit court erred by concluding it had no authority under Code § 2.2-3006(D) to construe the meaning of the hearing officer's decision and to make factual findings regarding whether VDOC had complied with the hearing officer's decision by offering Estep "comparable" positions. Without making such findings, the circuit court's orders of September 1 and December 15, 2015 were not sufficiently definite to support the circuit court's February 24, 2016 decision that VDOC violated those orders, to hold VDOC in contempt, and to impose monetary sanctions. For these reasons, we reverse the circuit court's decision holding VDOC in contempt and imposing monetary sanctions against it.[7]

Reversed.

---

[7] We do not remand the case to the circuit court to make such factual findings as to comparability of positions as the circuit court later ordered VDOC to place Estep in her original position, and ruled that VDOC complied with that order. The circuit court's subsequent February 24, 2016 order, coupled with VDOC's compliance, renders the issue of the indefinite terms in the September and December orders moot for all purposes except for whether VDOC violated them and was properly held in contempt and subjected to monetary sanctions.